Samuel C. **RUTHERFORD III,**
Petitioner—Appellant,

v.

Alice **PAYNE, Respondent—Appellee.**

No. 05-35058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 1, 2006.

Decided May 5, 2006.

Samuel C. Rutherford, III, McNeil Island Correction Center, Steilacoom, WA, David B. Zuckerman, Esq., Law Offices of David B. Zuckerman, Tara J. Herivel, Seattle, WA, for Petitioner—Appellant.

John J. Samson, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent—Appellee.

Before: REINHARDT, MCKEOWN and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Samuel Rutherford III appeals the district court's denial of his 28

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 2254 petition for a writ of habeas corpus. Rutherford's claims arise principally from the reconstruction of the transcript of one day of his jury trial on charges of first-degree rape and first-degree attempted rape. We affirm the district court's denial of Rutherford's habeas petition.

Rutherford's constitutional rights were not violated by the trial court's decision not to appoint a stenographic expert or additional counsel for the purpose of the record reconstruction hearings. Rutherford had the assistance at the hearings of both his trial and appellate counsel. He has not shown that the failure to appoint additional counsel or an expert affected the reconstruction of the transcript in any material way or was in any respect prejudicial.

Rutherford's claim that the reconstructed transcript violated his rights on appeal must fail. He has not shown that the transcript was not adequate to permit proper consideration of his claims on appeal, *Mayer v. Chicago*, 404 U.S. 189, 194, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), nor has he shown that it precluded his appellate counsel from rendering effective assistance.

We decline to certify Rutherford's *Brady* claim because he fails to make a substantial showing that such a violation occurred.

Accordingly, the district court's denial of Rutherford's § 2254 petition for a writ of habeas corpus is AFFIRMED.